UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID A. JOHNSON,<br><br>                      Plaintiff,<br>v.<br><br>DOUG WADDINGTON, et al.,<br><br>                      Defendants. | Case No. C08-5644RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 6, 2009 |

The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 1). The court finds and recommends:

(1). On December 12, 2008, the court reviewed plaintiff's application and found it to be incomplete. Plaintiff was direct to file the missing document (prison trust account statement) and information by not later than January 9, 2009. To date, the court has not received a response to the court order or any further pleadings in this matter from Mr. Wright. The Court's order was returned as undeliverable to plaintiff's last known address.

(2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a

lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

It is the *pro se* plaintiff's responsibility to keep the clerk informed of his or her current address to ensure timely notification of court action. Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

(3) Based on the above, the Court should find plaintiff has not responded to the Court's direction to cure his application to proceed *in forma pauperis* and plaintiff has failed to keep the Court Clerk aware of his current address. Accordingly, the Court should dismiss this matter without prejudice for failure to prosecute.

(4) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 6, 2009**, as noted in the caption.

DATED this 16th day of January, 2009.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        United States Magistrate Judge